UNITED STATES of America and
Hercules Incorporated, Appellants,

v.

W. H. FORST, as State Tax Commissioner,
of and for the Commonwealth of Virginia, and his successors in office, Department of Taxation of the Commonwealth of Virginia, and Commonwealth of Virginia, Appellees (two cases).

Nos. 77–1395 and 77–1722.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 12, 1977.

Decided Jan. 23, 1978.

Libero Marinelli, Jr., Atty., Tax Div., Dept. of Justice, Washington, D. C. (Myron C. Baum, Acting Asst. Atty. Gen., Gilbert E. Andrews and David English Carmack, Attys., Tax Div., Dept. of Justice, Washington, D. C., Paul R. Thompson, Jr., U. S. Atty., Roanoke, Va., and Edwin C. Stone, Radford, Va., counsel for Hercules Inc., on brief), for appellants.

Glenn R. Moore, Asst. Atty. Gen., Dept. of Taxation, Natural Bridge, Va. (Anthony F. Troy, Atty. Gen. of Virginia, Richmond, Va., on brief), for appellees.

Before FIELD, Senior Circuit Judge, and WIDENER and HALL, Circuit Judges.

PER CURIAM:

The United States and Hercules Incorporated sought a declaratory judgment that Hercules was not liable to the Commonwealth of Virginia under the Virginia Retail Sales and Use Tax, Code of Va. § 58–441.1, *et seq.*, (1950), upon tangible personal property which was purchased and used by Hercules pursuant to its contract with the Department of the Army to operate the Radford Army Ammunition Plant. Upon cross motions for summary judgment counsel for the plaintiffs conceded that Hercules never acted as an agent for the United States in connection with the purchase or use of the subject property, and the Commonwealth conceded that title to the property never vested in Hercules but passed directly from the vendor to the United States.

The district court recognized that the key factor in the case was whether the credit of the United States or the contractor was bound by the purchasing agreements. *See Alabama v. King & Boozer,* 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 3 (1941); *Kern-Limerick, Inc. v. Scurlock,* 347 U.S. 110, 74 S.Ct. 403, 98 L.Ed. 546 (1954). Finding that Hercules exercised substantial control over the procurement of the property and that only its credit was involved in the purchases, the district court concluded that Hercules was the purchaser and that the Virginia sales

and use tax was constitutionally applied to the transactions. We agree with the district court and affirm upon its well reasoned opinion. *United States and Hercules Incorporated v. Forst,* 442 F.Supp. 920 (W.D.Va.1977).

*AFFIRMED.*